IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PILOT TRAVEL CENTERS, LLC,

    Plaintiff,

v.                                                     No. 15-cv-0870 SMV/LAM

NATIONAL AMERICAN INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant on September 29, 2015. The Court has a duty to determine sua sponte whether subject matter jurisdiction exists. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the record, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the facts of citizenship necessary to sustain diversity jurisdiction. Specifically, the Notice fails to allege the citizenship of each and every member of Plaintiff Pilot Travel Centers, L.L.C. Therefore, the Court will order Defendant to file an amended notice of removal no later than October 29, 2015, if the necessary jurisdictional allegations can be made in compliance with Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On September 29, 2015, Defendant filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 1. The Notice asserts that there is complete diversity of citizenship between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. *Id*. at 2. In support of its

claim of diversity of citizenship, Defendant asserts that it was incorporated in and maintains its principal place of business in Oklahoma. *Id.* Additionally, Defendant repeats the assertion from Plaintiff's Complaint that Plaintiff is a "Delaware Limited Liability Company with its principal place of business in Knoxville, Tennessee." *Id.* However, Defendant makes no allegation about the citizenship of the members of Plaintiff Pilot Travel Centers, LLC. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of every state of

which any of its members is a citizen. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Here, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff because they are silent on the citizenship of its members.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant the opportunity to file an amended notice of removal to properly allege the citizenship of each and every member of Plaintiff Pilot Travel Centers, L.L.C., at the time the notice was filed. *See Siloam Springs*, 781 F.3d at 1239 (holding

that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 29, 2015**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **October 29, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**